UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-22625-CV-WILLIAMS
CASE NO. 14-20017-CR-WILLIAMS

CHRISTOPHER ALTAMIRANO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS MATTER** is before the Court on the Motion to Vacate Sentence (DE 1; DE 9) ("***Motion***") filed by Movant Christopher Altamirano ("***Movant***" or "***Mr. Altamirano***") pursuant to 28 U.S.C. § 2255 to which the Government filed a response (DE 10) and Mr. Altamirano replied (DE 11).[1]  For the reasons set forth below, the Movant's Motion to Vacate Sentence (DE 1) is **DENIED**.

**I.   BACKGROUND**

On June 13, 2014, the Movant, along with ten (10) other codefendants, were charged by Superseding Indictment with violations of various federal narcotics and

---

[1] Mr. Altamirano also filed a Notice of Supplemental Authority and memoranda of law (DE 12), informing the Court of a Tenth Circuit Court of Appeals decision, *United States v. Toki*, 2022 WL 27441 (10th Cir. Jan. 31, 2022).  The Court has taken Movant's notice into consideration.  *See infra* note 7.

weapons statutes. (CDE 39.)[2]  On October 1, 2014, the Movant was arrested and appeared for his initial appearance before United States Magistrate Judge Chris M. McAliley.  (CDE 193.)  Six (6) days after his arrest, on October 7, 2014, a grand jury returned a Second Superseding Indictment charging Movant with: Count 1, conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("**Count I**"); Count 6, unlawful assault with a dangerous weapon in violation of Florida Statutes Section 784.021(1)(a), in violation of 18 U.S.C. § 1959(a)(3) (the "**VICAR statute**") ("**Count VI**"); Count 7, possession of a firearm in furtherance of a crime of violence as set forth in Count VI, in violation of 18 U.S.C. § 924(c)(1)(A) ("**Count VII**");[3] and seven counts of possession of crack cocaine with intent to distribute (Counts 14, 15, 16, 17, 29, 31, and 32).  (CDE 215.)

The Movant, along with four (4) codefendants, proceeded to trial on February 9, 2015.  (CDE 808.)  At trial, the Government presented evidence that the Movant and his codefendants were members of a group of narcotics dealers knowns as the "Big Money

---

[2] The Court takes judicial notice of the filings in the criminal docket.  *See* Fed. R. Evid. 201; *Nguyen v. United States*, 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009) (citation omitted).  Citations to the criminal docket are designated "(CDE __)."

[3] A defendant is guilty of violating Section 924(c) if he used or carried a firearm during or in relation to, or possessed a firearm in furtherance of, a "crime of violence" or "drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).

A "crime of violence" is defined as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "**force clause**") or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "**residual clause**" or "**risk-of-force clause**").  *See* 18 U.S.C. §§ 924(c)(3)(A) – (B).

Team" ("**BMT**") that operated as a criminal organization in Little Havana from 2008 to 2014.[4] Further, law enforcement agents and witnesses for the Government testified that on November 20, 2013, the Movant and his coconspirators robbed five (5) people of cash and several cell phones at gunpoint and then, while fleeing the scene after the robbery, the Movant discharged a firearm into the air. (CDE 815 at 4–6; CDE 831 at 50–51; CDE 833 at 59.)

At the conclusion of the Government's case-in-chief, Mr. Altamirano filed a Motion for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 as to Counts I, VI, and VII, which the Court denied. (CDE 877 at 143, 145.) Shortly thereafter the Defense rested, and the Court charged the jury. After receiving its instructions, the jury began its deliberations and subsequently returned a verdict. The jury found the Movant Guilty as to Counts 1, 6, 7, 14, 15, 16, 29, 31, and 32, and Not Guilty as to Count 17 (CDE 906). The Court sentenced Mr. Altamirano for a total term of 235 months of imprisonment, which consists of concurrent terms of 175 months as to Counts 1, 6, 14, 15, 16, 29, 31, and 32 and a consecutive term of sixty (60) months as to Count 7. (CDE 1476.)

---

[4] The Government presented witness testimony from law enforcement agents, former BMT members, victims, and community members attesting to the drug trafficking activities of BMT and its members, which included Mr. Altamirano. *See* CDE 815 at 58, 65–69; CDE 827 at 6–9, 15–16, 26–27, 29, 32–33, 35, 99–100, 117, 119–120; CDE 831 at 64–67, 82–83, 92; CDE 833 at 44–45; CDE 841 at 61; CDE 854 at 26, 37–38.

Now, Movant has filed the instant Motion (DE 1; DE 9), arguing that his conviction on Count VII of the Second Superseding Indictment (CDE 215) should be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019).

## II. LEGAL STANDARD

A federal prisoner is entitled to relief under Title 28, United States Code, Section 2255 ("**Section 2255**") if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *see also Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011).[5]

In *United States v. Davis*, the Supreme Court held that Section 924(c)'s residual clause, 18 U.S.C. § 924(c)(3)(B), defining a "crime of violence" is unconstitutionally vague, finding it materially indistinguishable from Section 924(e)'s residual clause struck down in *Johnson v. United States*.  *See Davis*, 139 S.Ct. 2319, 2236 (2019); *Johnson*, 135 S.Ct. 2551, 2557 (2015); *see also* 18 U.S.C. § 924(e)(2)(B)(ii).  Under Section 924(c)'s residual clause, a "crime of violence" is defined as an offense that is a felony and "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  As interpreted by the Supreme Court, this unconstitutionally vague definition meant courts "had to disregard how the defendant actually committed his crime"

---

[5] Relief under Section 2255 is extremely limited.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) ("[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.").

and must "imagine the idealized 'ordinary case' of the defendant's crime and then guess whether a 'serious potential risk of physical injury to another' would attend its commission." *Davis*, 139 S.Ct. at 2236.

*Davis*, however, did not suggest that the definition of a "crime of violence" as defined by Section 924(c)'s "force clause", 18 U.S.C. § 924(c)(3)(A), was unconstitutionally vague or suspect. Under the force clause, a "crime of violence" is an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Using the force clause's definition, courts employ a categorical approach, separate from the residual clause's rejected approach, to determine whether an offense is a crime of violence. *Compare Davis*, 139 S.Ct. at 2227 (finding that the categorical approach under the residual clause was too vague in that it required a judge, and not a jury, to decide and make factual findings about the defendant's underlying conduct), *with Mathis v. United States*, 579 U.S. 500, 504 (2016) (distinguishing facts, as mere real-world things extraneous to the crime's legal requirements, from elements, which are constituent parts of a crime's legal definition that the prosecution must prove to sustain a conviction). As such, the categorical approach under the force clause requires that the court look only to the elements of the statute of conviction and not to the defendant's real-world conduct. *Mathis*, 579 U.S. at 504.

In circumstances where the statute of conviction is "divisible," meaning it "ha[s] multiple alternative elements," and "thereby define[s] multiple crimes," a reviewing court must alter its approach and employ a "modified categorical approach." *Id.* at 505. Under

the modified categorical approach, a court shall consider a limited class of documents, such as the indictment, jury instructions, or plea agreement and colloquy, to determine what crime, involving what elements, was the defendant's crime of conviction.  *Id.* at 505–06.  Here, in the Eleventh Circuit, the VICAR statute is a divisible statute of conviction.  *United States v. Cosimano*, 2022 WL 3642170, at *6 (11th Cir. Aug. 22, 2022) (citing *Alvarado Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022)).  By its definition, the VICAR statute prohibits a number of offenses committed in aid of racketeering, including murder, kidnapping, assault with dangerous weapons, and threats "to commit a crime of violence against any individual in violation of the laws of any State or the United States." 18 U.S.C. § 1959(a).

## III.  DISCUSSION

### A.  Altamirano's § 924(c) Conviction Rests on a "Crime of Violence"

The central issue in this case is whether the VICAR charged offense in Count VI of the Second Superseding Indictment categorically qualifies as a "crime of violence" under Section 924(c)(3)(A)'s force clause.  In accordance with Eleventh Circuit precedent, the Court shall first look at how the Government charged the VICAR offense in Count VI by reviewing the indictment and jury instructions.  *Cosmiano*, 2022 WL 3642170, at *6 (citing *Mathis*, 579 U.S. at 505–06).  Here, a plain review of the Second Superseding Indictment shows the Government incorporated state law elements within Count VI, which reads in relevant part, that Mr. Altamirano was charged with "unlawfully assaulting . . . with a dangerous weapon in violation of Florida Statutes Section 784.021(1)(a), all in

violation of Title 18, United States Code, Sections 1959(a)(3)." [6] (CDE 215 at 7.) Further, the jury instructions elaborate that "Defendant Altamirano is charged . . . with committing a crime of violence, specifically assault with a dangerous weapon in aid of a racketeering enterprise." (CDE 902 at 21.) Because the Government incorporated state law elements into the indictment and jury instructions for Count VI, the court must look to the state predicate offense and analyze whether Florida's aggravated assault is a "crime of violence" under Section 924(c). *See Alvarado-Linares*, 44 F.4th at 1342–43; *Cosmiano*, 2022 WL 3642170, at *6 ("[W]hen . . . [the government] incorporate[s] the state law elements into the jury charge for the VICAR offense, then we must look to the state predicate offense . . . .")

By definition, Florida's assault with a dangerous weapon, otherwise known as aggravated assault, is an assault with a deadly weapon without intent to kill or with an intent to commit a felony. FLA. STAT. § 784.021(1). In this case, to prove that Mr. Altamirano committed an assault with a dangerous weapon,

> [The] Government must [have] prove[n] the following four elements beyond a reasonable doubt . . . .
>
> 1. Defendant intentionally and unlawfully threatened, either by word or act, to do violence to the victims.
>
> 2. At the time, the Defendant appeared to have the ability to carry out the threat.
>
> 3. The act of the Defendant created in the mind of victims a well-founded fear that the violence was about to take place; and

---

[6] The predicate state law offense—assault with a dangerous weapon—is set forth in Florida Statutes Section 784.021(1)(a) and is also commonly referred to and titled as "aggravated assault."

      4. The assault was made with a deadly weapon.

(CDE 902 at 26.)[7]  Based on these elements, it is clear that the assault with a dangerous weapon offense as charged against Movant in the Second Superseding Indictment and jury instructions requires, at minimum, the threatened use of physical force and as such, Mr. Altamirano's conviction as to Count VI categorically qualifies as a "crime of violence" and is a proper predicate for Mr. Altamirano' s Section 924(c) conviction under Count VII.

      Furthermore, any question as to whether Mr. Altamirano's conviction of assault with a dangerous weapon qualifies as a crime of violence is quickly foreclosed by looking

---

[7] In his Motion, citing *Palomino Garcia v. United States* and referencing an Arizona aggravated assault statute, the Movant takes the position that the inclusion of recklessness, as a mens rea element, within an aggravated assault statute ought to disqualify the statute from being a "crime of violence" as defined by Section 924(c)'s force clause. *Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010) (holding that a conviction predicated on a mens rea of recklessness does not satisfy the "use of physical force" requirement under § 2L1.2's definition of "crime of violence").  Thereafter, Movant filed a Notice of Supplement Authority (DE 12), citing the Tenth Circuit's decision in *United States v. Toki*, which discusses the mens rea of recklessness included in Arizona's and Utah's aggravated assault statutory scheme.  *Toki*, 2022 WL 27441 (holding that Arizona and Utah statutes criminalizing assault with dangerous weapons were not crimes of violence under 18 U.S.C. § 924(c) because the crimes could be committed with mens rea of recklessness).  Not only do these cases and Movant's argument fail to address the elements of Florida's aggravated assault statute, which is the only state law statute at issue in this case, but any argument regarding Mr. Altamirano's assault with a dangerous weapon conviction being predicated on the mens rea of recklessness is contrary to the Florida Supreme Court's interpretation, which the Eleventh Circuit has adopted, of Florida Statutes Section 784.021(1).  *See Somers v. United States*, 66 F.4th 890, 893–94 (11th Cir. 2023) (citing *Somers v. United States*, 355 So. 3d 887, 891(Fla. 2022)) ("[Under] Florida law, aggravated assault cannot be committed with a *mens rea* of recklessness. It requires knowing conduct.").  Moreover, the jury instructions given at Mr. Altamirano's criminal trial clarified that in order to convict Mr. Altamirano, the Government had to prove four elements, one of which was that "Defendant [Altamirano] ***intentionally*** and unlawfully threatened, either by word or act, to do violence to the victims."  (CDE 902 at 26.)

at Eleventh Circuit precedent that has considered Florida's aggravated assault statute in other procedural contexts.  *See Somers v. United States*, 66 F.4th 890, 894 (11th Cir. 2023) (holding that aggravated assault under Florida law requires a mens rea of at least knowing conduct and accordingly qualifies as a "violent felony" under the Armed Career Criminal Act); *Turner v. Warden, Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013) (finding that a conviction under Florida Statutes Section 784.021 will always include the threatened use of physical force against another and thus qualifies as a violent felony under the Armed Career Criminal Act); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (holding that a Florida conviction for aggravated assault under Florida Statutes Section 784.021 constitutes a "crime of violence" under the elements clause of the United States Sentencing Guidelines).[8]

## IV.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his § 2255 motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability ("**COA**"). *See* 28 U.S.C. §2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253 (c)(2). Where a district court has rejected Movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's

---

[8] The Armed Career Criminal Act and the U.S. Sentencing Guidelines have a substantially similar standard, known as the "elements clause," for deciding when a crime qualifies as a "crime of violence" or "violent felony" that resembles the standard under Section 924(c)'s force clause.   *See* U.S.S.G. § 4B1.2(a)(1); 18 U.S.C. § 924(e)(2)(B)(i).

assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration of the record and applicable case law, a certificate of appealability shall not issue.

## V. CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. Movant's Motion to Vacate Sentence (DE 1) is **DENIED**;
2. No certificate of appealability shall issue;
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 29th day of September, 2023

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE